# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

NICHOLAS GREEN, )
 )
    Plaintiff, )
 )
v. ) CV416-285
 )
GARDEN CITY POLICE )
DEPARTMENT, )
 )
    Defendant. )

## ORDER

Plaintiff Nicholas Green brings this § 1983 action against the Garden City Police Department to recover income he lost while incarcerated. Doc. 1 at 5-6. The Court granted him leave to proceed *in forma pauperis* and directed him to return the Prisoner Trust Fund Account Statement and Consent to Collection of Fees from Trust Account. *See* doc. 3. Although he returned only the last pages of the forms, the relevant account-balance certification and consent to the collection of fees were executed and returned. *See* docs. 4 & 5. The Court, therefore, proceeds to screen his Complaint.

The Prison Litigation Reform Act requires federal courts to screen

all civil cases in which a prisoner[1] seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The Court must screen out any

---

[1] Although Green's Complaint is subject to preliminary screening, regardless of his custodial status, his status as a prisoner has significant implications. His allegation that the charges against him have been resolved in his favor suggests that his incarceration may be coming to an end. *See* doc. 1 at 5 (alleging he was "found 'not guilty' by a jury"); doc. 5 at 1 (state court sentencing order finding "Nolle Pros" on theft by taking count). Whether Green remains incarcerated is irrelevant to the viability of his § 1983 claim -- for the reasons explained below, his claim is dead on arrival because it names a defendant not subject to suit. However, the fact that he was incarcerated when he filed this action is relevant to its progress, if he chooses to amend his Complaint.

The PLRA precludes all civil actions "brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). So, "an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015). Nominal damages (often one dollar) are, however, available to vindicate constitutional rights violated without physical injury. *See id.* at 1308. Further, the statute's application to injuries suffered "in custody" extends to injuries suffered "during custodial episodes, even if such custody occurred outside prison walls." *Napier v. Preslicka*, 314 F.3d 528, 533 (11th Cir. 2002). Thus, non-physical injuries suffered because of an invalid arrest occur "in custody." *Napier*, 314 F.3d at 533-34 (finding injuries from mistaken arrest were suffered "in custody" when asserted by prisoner incarcerated on an unrelated charge); *see also Napier v. Preslicka*, 331 F.3d 1189, 1195-96 (11th Cir. 2003) (Barkett, J. dissenting) (noting that the *Napier* panel's interpretation of § 1997e(e) would preclude prisoners from seeking recovery for, *inter alia*, false imprisonment and malicious prosecution). Finally, "the PLRA applies to all cases *initiated* by a prisoner without regard to whether that prisoner was released before the court considered the merits of his action. *Napier*, 314 F.3d at 532 (citing *Harris v. Garner*, 216 F.3d 970, 974 (11th Cir. 2000) (*en banc*)). The PLRA, therefore, precludes compensatory damages in any action filed while a prisoner was incarcerated for any non-physical injury suffered during any "custodial episode," including his arrest.

Green was incarcerated at the time he filed his Complaint, and he does not allege any (even *de minimis*) physical injury. *See* doc. 1 at 3, 5. So long as he maintains this action, filed while he was incarcerated, he is therefore precluded from recovering compensatory damages from any defendant for the non-physical injuries resulting from his arrest or subsequent prosecution.

claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.*; *see also* 42 U.S.C. § 1997e(c)(1) (allowing the Court to dismiss any prisoner suit brought "with respect to prison conditions" for the same reasons stated in § 1915A); 28 U.S.C. 1915(e)(2) (requiring the Court to dismiss any case brought *in forma pauperis* for the same reasons stated in § 1915A). The Court thus examines Green's Complaint to determine whether he has stated any claim for relief under 42 U.S.C. § 1983.

Green has failed to state a claim upon which relief can be granted. He alleges that he was arrested and unlawfully detained on a charge of misdemeanor theft by taking, which was "solely premised on speculatory [sic] and unsubstantial evidentiary proof." Doc. 1 at 5. That allegation, liberally construed, suggests a violation of his Fourth Amendment rights.[2] His claim should be dismissed, however, because the only named

---

[2] Green's allegation suggests several possible Fourth Amendment claims. It might be construed as a false arrest claim or as a malicious prosecution claim, either of which is cognizable under § 1983. *See Wallace v. Kato*, 549 U.S. 384, 388-90 (2007) (constitutional torts are distinguished by whether arrest and detention were without legal process, supporting false arrest or imprisonment claim, or resulted from the "wrongful institution of legal process," supporting a malicious prosecution claim); *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003) ("Our Court has identified malicious prosecution as a violation of the Fourth Amendment and a viable

3

defendant, the Garden City Police Department, is not an entity subject to suit under either federal or Georgia law. *See Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit," subject to analysis under state law); *Bunyon v. Burke Cty.*, 285 F. Supp. 2d 1310, 1328-29 (S.D. Ga. 2003) (city police department was not an entity subject to suit under Georgia law); *see also Lovelace v. DeKalb Cent. Probation*, 144 F. App'x 793, 795 (11th Cir. 2005) (affirming dismissal of complaint against county police department because it was not a legal entity subject to suit).

Despite his claim's deficiency, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d

---

constitutional tort cognizable under § 1983."); *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) ("A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim."). Since he has not named a proper defendant, it is neither necessary nor possible for the Court to determine the precise character of his claim. If he chooses to amend his Complaint, he must allege sufficient facts for the Court to make that determination.

4

541, 542 & n. 1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely ... when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306, 2016 WL 1381814 at *2 (S.D. Ga. Apr. 6, 2016). The Court therefore will give him a chance to amend his Complaint. He must do so within 30 days of the date this Order is served. Green must plead *facts* supporting his claim -- the who, what, when, and where -- for bare assertions that a defendant's actions violated his rights are not enough. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint need not contain "detailed factual allegations, but it [must include] more than an unadorned, the-defendant-unlawfully-harmed me accusation.") (quotes and cite omitted).

**SO ORDERED**, this 8th day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA